## 19871

The BEACH CO., Respondent, v. CHARLESTON COUNTY SCHOOL DISTRICT, State of South Carolina; Appellant

(207 S. E. (2d) 406)

8

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, for *Appellant,*

*George E. Campsen, Jr., Esq.,* of Charleston, *for Respondent,*

Aug. 6, 1974.

BRAILSFORD, Justice:

In 1956, at the request of the trustees of Moultrie School District of Charleston County, J. C. Long, Esquire, as president of The Beach Company, agreed to sell six acres of land on the Isle of Palms for use as a school site for $1,000.00 per acre. This was substantially less than market value, and Mr. Long was motivated by his interest in the establishment of a school on what he regarded as an appropriate site on the island. Conforming to the agreement between the parties, the deed tendered contained a condition subsequent requiring the reconveyance of the property, upon return of the purchase price, if the site should not be used for school purposes within ten years. This deed was disapproved by the County Superintendent of Education because of a policy requirement of the State Educational Finance Commission that school property purchased with funds provided by it be acquired in fee simple. At the suggestion of counsel for the trustees, who was also counsel for the County Board of Education, the sale was closed by delivery of an unconditional deed of the property to the trustees and the delivery to The Beach Company of an agreement signed by the trustees of the same tenor as the condition subsequent. Upon the expiration of ten years without use of the site for school purposes, the trustees refused to reconvey, and this action for specific performance was brought by The Beach Company against Charleston County School District, into which all of the school districts of Charleston County had been merged. The circuit court overruled exceptions to the master's report recommending specific performance, and the school district has appealed on nine exceptions which are argued in the brief under three questions.

Most of the brief is devoted to the proposition that the execution of the "side agreement providing for a reconveyance of the property on condition subsequent (was) *ultra vires* and, therefore, void."

Of the five defenses pled by the answer in addition to the usual admissions and denials of the first defense, only the fourth and sixth may be related to this point in any way. The fourth defense asserts that the trustees had no authority to make the agreement because "(u)nder the provisions of Section 21-238 of the Code of Laws of the State of South Carolina, 1962, the Board of Trustees of Moultrie School District No. 2 was authorized to sell school property only after first obtaining the consent thereto of the County Board of Education. No such consent was obtained in connection with the execution of the alleged agreement, and the alleged agreement is therefore invalid and of no force and effect."

We think it apparent that the execution of the agreement was not a sale of school property within the meaning of this section. Instead, it was part and parcel of the acquisition of the property, with which the statute invoked by this defense is not concerned. The deed and the agreement were the two instruments by which the parties deliberately consummated the sale on the terms agreed upon. Unless affected by illegality, the condition inhered in the title to the same extent as though it had been expressed in the deed. The statute contemplates approval by the County Board when the sale of school property is a matter of judgment and discretion. This is not such a case. Here, the school district is being called upon to surrender the property, in exchange for refund of the purchase price, per force a condition subsequent to which its predecessor assented as part of the consideration for the 1956 conveyance. *Cf. Byars v. Cherokee County,* 237 S. C. 548, 118 S. E. (2d) 324 (1961).

The brief also refers to Section 21-1614(4) under which, at the time of this transaction, the Charleston County Board of Education was vested with authority to "(c)onsider and approve, or disapprove, the *purchase* or sale of the property of any school district." (Emphasis added.) However, this statute was not pled as a defense; and the brief makes no point under it, which is distinct from the argument in sup-

port of the fourth defense, invoking the requirement of Section 21-232 that the county board consent to the *sale* of school property. This is readily understood since the district does not impeach the *purchase* of the property, which, perhaps, could have been done under this section if rescission had been sought.

The sixth defense pleads that the district is the owner "of the fee simple title to the property which is the subject of this action, free of all liens, encumbrances, restrictions and claims of others, by virtue of Section 21-232 of the Code of Laws," which we quote:

"Section 21-232. *School trustees may purchase lands.* Whenever a board of school trustees deems it expedient to acquire lands for the erection thereon of any public schoolhouse or building . . . or other use for such public schools, it may purchase the lots or parcels of land necessary for such purposes and the fee simple title of such land shall be vested in such board of school trustees from the day of the sale."

The Beach Company counters that the purpose of the last clause of the section is to designate school boards as the legal entities in which title to school district property shall vest, and not to require that in every case the estate acquired shall be fee simple absolute. This is a reasonable view of the permissive language, but we need not accept or reject it. The furthest possible reach of the statute is to limit the authority of school boards in the purchase of land to the acquisition of fee simple estates only. Under this construction, the purchase of a base fee by a school board would be impeachable as in violation of this restriction on the board's authority; and, arguably, such a transaction could be rescinded and the *status quo ante* restored in an appropriate action. We must, however, reject the construction put forward by the answer, *i. e.,* that the conveyance of a base fee in real estate to a school board vests title in fee simple absolute regardless of the clearly expressed intent of the grantor.

Nothing in the language of the statute suggests that the legislature intended such transmutations.

The second division of the brief argues the district's exception to the conclusion of the circuit court that the district is *estopped* to challenge the validity of the agreement to reconvey. In view of our disposition of the first question, this exception need not be considered.

The district also excepted to the court's failure to hold that The Beach Company is *estopped* to invoke the side agreement. This exception has not been argued in the brief and is deemed abandoned.

Finally, appellant complains of certain assumptions made in the order appealed from which are not supported by the record. In the view we take of the case, these are immaterial.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.