Benjamin **DEL RIO**, Plaintiff,

v.

**BALLENGER CORPORATION,**
Defendant.

Civ. A. No. 74–1764.

United States District Court,
D. South Carolina,
Greenville Division.

March 18, 1975.

---

David B. Ward, Horton, Drawdy, Marchbanks, Ashmore, Chapman & Brown, P. A., Greenville, S. C., for plaintiff.

Wesley M. Walker, and Joseph E. Major, of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant.

## ORDER

HEMPHILL, Judge.

This action arises out of a vehicular accident which occurred in the Republic of Panama on or about April 15, 1974. Defendant is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Greenville, South Carolina. Defendant and Central International Corporation had contracted to complete' the rehabilitation of the Trans-Isthmian Highway in the Republic.

Late in the afternoon of the aforementioned date, an agent and servant of defendant, allegedly while. acting within the scope of his employment with the defendant, engaged in the negligent operation of a Ford truck; he apparently drove into the rear of a truck being operated by the plaintiff who was proceeding along said highway in a lawful manner. The accident occurred in the Republic of Panama at a point approximately twenty-two (22) miles from the City of Balboa, located in the Canal Zone. Plaintiff, a Panamanian citizen, required medical attention and hospitalization. Apparently he is partially disabled at the present time.

Suit was originally brought in the United States District Court for the District of the Canal Zone. Defendant resisted jurisdiction, successfully asserting that it was not subject to personal service in the Canal Zone. The action was dismissed on that basis. Suit was then filed in this court on November 5, 1974. Defendant now moves for dismissal of the instant action under the doctrine of *forum non conveniens*.

*Forum non conveniens* is a doctrine which permits a court to dismiss an action although jurisdiction is validly asserted, when in its discretion the convenience of the parties and the ends of justice would be better served if the action was tried elsewhere. *See* Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Canada Malting Co. v. Paterson Co., 285 U.S. 413, 418, 52 S.Ct. 413, 76 L.Ed. 837 (1932). The Supreme Court has stated that:

> The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he

may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.

Gulf Oil Corp., *supra*, 330 U.S. at 507, 67 S.Ct. at 842.

■ The doctrine of *forum non conveniens* is discretionary with the court and no specific formula may be given for its application. This does not mean that the relevant factors to be considered are in any way vague or undefinable. On the contrary, most of the factors are practical and come easily to mind. The most frequently quoted list is that contained in the leading case in this area, *Gulf Oil Corp.*, *supra*:

> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The courts will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the

plaintiff's choice of forum should rarely be disturbed.

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508, 67 S.Ct. at 843.

■ The facts of this case, when applied to the guidelines promulgated by the Supreme Court, demonstrate that this court is a far less convenient forum for this litigation than would be a Panamanian court. Investigation and management of a cause of action arising in Panama would be difficult for South Carolina counsel. Witnesses are located in Panama; obtaining the appearance of willing witnesses would be far more costly if the action was tried in South Carolina, and unwilling witnesses would not be subject to compulsory process. A view of the site of the accident would be impossible if the action was tried in South Carolina. Panamanian law will govern this lawsuit; the courts of Panama will be better able to efficiently apply their own law. A South Carolina jury would have difficulty evaluating the proper measure of damages to be awarded to plaintiff, a resident of Panama. The administrative difficulties such litigation would impose on this

court are different in both character and degree from those which would accrue to a Panamanian court. The burden of this litigation should not be imposed on citizens of South Carolina, who have little "relation to the litigation." Hence, when this litigation is evaluated under the *Gulf Oil* standards, it appears to be a classic case for application of the *forum non conveniens* doctrine.

Cases involving situations analogous to the one at bar are instructive as to the proper application of the doctrine. In De Sairigne v. Gould, 83 F.Supp. 270 (S.D.N.Y.1949), aff'd 177 F.2d 515 (2d Cir.), cert. denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338, decided two years after *Gulf Oil,* the District Court for the Southern District of New York was presented with an action brought by an alien, a resident of France, against a citizen of the United States who also was a resident of France, for breach of an agreement which had been made in France. Plaintiff's right of recovery arose under French law, which apparently was inconsistent with the laws of the United States. The witnesses which may have been required were French residents. The defendant had sufficient assets in France to meet any judgment which the plaintiff may have been able to obtain. The District Court there refused to entertain jurisdiction on the grounds of *forum non conveniens.* The situation there presented was similar to that which had been noted by Justice Brandeis:

> Courts of equity and of law also occasionally decline, in the interests of justice, to exercise jurisdiction, where the suit is between aliens or non-residents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal.

Canada Malting Co., *supra,* 285 U.S. at 423, 52 S.Ct. at 415.

Another well reasoned case involving similar facts is Domingo v. States Marine Lines, Inc., 340 F.Supp. 811 (S.D.N.Y.1972). The incident complained of in that action occurred in the Phillipines; plaintiffs' decedents and benefi-

ciaries were all residents of the Phillipines. The court there discussed many of the issues relevant here including the background and applicability of the *forum non conveniens* doctrine, the availability of another forum, the applicability of foreign law, and the numerous factual reasons why the court in the Phillipines would be a far more convenient forum than would the court in New York. Of particular interest are the following excerpts:

> I see no reason why this court, with its heavy burdens and responsibilities, should be burdened with cases like these which, from every point of view, should be tried in the courts of the nation where all the relevant events occurred and whose own citizens are primarily involved. Certainly, . . . the Metropolitan area in which it is situated, have no conceivable relation to this litigation except for the fact that the defendant happens to be doing business here.
>
> .    .    .    .    .    .
>
> In fact, all the practical problems that make trial of a case easy, expeditious and inexpensive would be much more easily met by a Phillipine trial.
>
> Counsel for the plaintiff has not come forward with any sound reason why this court should retain jurisdiction in these cases. In my view, the combination of relevant factors in these cases overwhelmingly demonstrate that they should not be tried here but should be tried in the Phillipines.

*Id.* at 816-17.

The Court of Appeals for the Fourth Circuit has considered an analogous matter. In Prack v. Weissinger, 276 F. 2d 446 (4th Cir. 1960), the plaintiff was a citizen and resident of West Germany suing for injuries arising out of an automobile accident occurring in West Germany while she was a passenger in defendant's vehicle. Defendant, a resident of the State of Oregon, was in the U. S. Army and was stationed in West Germany. Although defendant remained there for a period of one year following

the accident, and although plaintiff had retained a German attorney shortly after the accident, she instituted no action against defendant in West Germany. After defendant was transferred to a military post in Virginia, suit was instituted on behalf of plaintiff in the United States District Court for the Eastern District of Virginia. That suit was dismissed on the basis of *forum non conveniens*; the decision apparently was not appealed. Subsequently, an action was instituted on behalf of plaintiff in a state court in Virginia. The suit was removed to the federal court by defendant on the basis of diversity of citizenship. Defendant then once again moved for a dismissal on the basis of *forum non conveniens* and on the basis of the conclusive nature of the prior dismissal. The second trial judge also dismissed the action, relying primarily on collateral estoppel resulting from the prior dismissal. The Fourth Circuit affirmed. While the precise holding of the Fourth Circuit opinion involved the proper effect to be given to the prior dismissal, the court indicated its approval of the action taken by both trial judges in dismissing the case. Discussing the first dismissal, the court made the following statement:

> Such determination is consistent with the inherent power of federal courts to refuse jurisdiction of cases not within the purview of the provision of 28 U.S.C.A. Section 1404(a)—cases which should have been brought in a foreign jurisdiction, rather than in the United States.

*Id.* at 448.

The original decision of the district judge in this case and the implied approval of the Fourth Circuit lend considerable support to defendant's contention that the present action should be dismissed on the grounds of *forum non conveniens*. All of the factors present in the *Prack* case are present in this action.

Plaintiff maintains "that the defendant has resisted such efforts [to find a convenient forum to litigate the issues in this case] at every turn." In light of such a statement, the court calls defendant's attention once again to the *Gulf Oil* case:

> In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.

Gulf Oil Corp., *supra*, 330 U.S. at 506, 67 S.Ct. at 842. *See also* Tivoli Realty, Inc. v. Interstate Circuit, Inc., 167 F.2d 155 (5th Cir. 1948); cert. denied 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762. This court, relying on the doctrine of *forum non conveniens*, hereby declines to exercise its jurisdiction over the matters presented in this case, preferring instead to allow the courts of the Republic of Panama to proceed to a final adjudication of the issues. Any resistance to the jurisdiction of that court, however, will negative the requirement of two forums; a showing of such resistance will cause this court immediately to abandon the doctrine and proceed under the jurisdiction which this court unquestionably has.

And it is so ordered.