## 20361

Barbara A. NIENOW, Appellant, v. Arthur E. NIENOW, Respondent.

(232 S. E. (2d) 504)

*Messrs. Kermit S. King* and *Donald W. Tyler,* of Colum-bia, *for Appellant,*

*Messrs. M. M. Weinberg* and *Robert W. Brown,* of Sumter, *for Respondent,*

February 9, 1977.

Ness, Justice:

This protracted domestic suit was instituted by the appellant, Barbara A. Nienow, on August 4, 1972, seeking a divorce as well as ancillary questions of alimony and attorneys' fees. The respondent-husband on August 2, 1972, instituted an action for divorce in the State of Florida which ultimately resulted in a dissolution of the marriage on February 1, 1973. The Florida court did not secure *in personam* jurisdiction over the appellant-wife who filed a special appearance. By supplemental pleadings, the respondent interposed the Florida decree as an absolute bar to this action and the appellant replied that the decree would have no effect on her claim for alimony, suit money, and attorneys' fees.

The master found that the parties were married in the State of Florida on April 24, 1971, after cohabiting continuously since August or September of 1968; and, that prior to June 1, 1972, the domicile of the parties was the State of Florida. Thereafter, the appellant established a physical presence, registered to vote, and obtained a driver's license in South Carolina, evincing a change of domicile.

The master concluded that appellant was entitled to a lump sum alimony in the amount of $15,000.00, no temporary alimony or support, attorneys' fees in the amount of $5,-000.00, and the costs of the action.

Upon plenary exceptions of both parties, the circuit court judge held appellant's residence in this State was *"mala fide"* as opposed to *"bona fide,"* and concluded our courts should not exercise jurisdiction in this action, which in his opinion constituted forum shopping. In spite of his jurisdictional pronouncement, the trial judge attempted to approach the substantive issues by concurring with the master that no temporary support or alimony should be granted and the Florida decree effectively dissolved the marriage. Furthermore, contrary to the conclusions of the master, the trial judge found no entitlement to attorneys' fees, alimony, or costs of the action. He also attempted to hold, alternatively, that if he was in error as to the issue of basic entitlement, he would concur with the master as to the *amount* of the awards.

The threshold issue is the jurisdictional element which the circuit court raised. The clear majority of authorities concur that jurisdictional statutes requisite to divorce actions [1] are not applicable to independent actions for alimony or separate maintenance; and, therefore, a wife may institute such an action even if the court does not have jurisdiction to grant a divorce.[2]

Considering both the original and supplemental pleadings,[3] it is clear that this action is not one for divorce, but an independent action for alimony, attorneys' fees and costs. Unquestionably the wife has a right to maintain such an action pursuant to the "divisible divorce" doctrine. *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963).

[1] Section 20-103 of the Code of Laws.
[2] See 27A C.J.S. Divorce § 203; Annotation, 36 A.L.R. (2d) 1369, 1372.
[3] See 61 Am. Jur. (2d) Pleading, Section 293.

There are no statutory residence requirements attendant to independent actions for alimony or support.[4] It is uncontested that the lower court obtained *in personam* jurisdiction of the respondent by personal service and a voluntary general appearance in this action. Additionally, a portion of the respondent's real estate in South Carolina, which is valued at three million dollars, was attached. The appellant, regardless of her *"mala fide"* or *"bona fide"* residency, voluntarily submitted to jurisdiction by filing her pleadings for relief. It follows that our courts had jurisdiction of both the parties and the subject matter of this action.[5] The issue presented by the circuit court is whether our forum should refuse to exercise its jurisdiction.

*Forum non conveniens* is the discretionary precept which allows a court with proper jurisdiction to dismiss an action, when such would further the ends of justice and promote the convenience of the parties. *Del Rio v. Ballenger Corp.,* 391 F. Supp. 1002 (D.S.C. 1975). Intertwined with the doctrine are the traditional notions of fair play and substantial justice. "The exercise of discretion implies conscientious judgment, not arbitrary action, and takes account of the law and particular circumstances of the case, being directed by the reason and conscience of the judge to a just result." *State v. Hill,* 266 S. C. 49, 51, 221 S. E. (2d) 398, 399 (1976).

It is axiomatic that a plaintiff's choice of forum, given *in personam* jurisdiction over a defendant, "should not be disturbed except for weighty reasons" and the "action will not be dismissed unless a suitable alternative forum is available to the plaintiff." Restatement,

---

[4] A court of equity has inherent jurisdiction to entertain an independent suit for alimony or separate maintenance. *Machado v. Machado,* 220 S.C. 90, 66 S.E. (2d) 629, 637 (1951); Nelson on Divorce, (2d) Edition Vol. 3, Sections 32.10 and 32.12.

[5] See 27A C.J.S. Divorce § 68; 21 C.J.S. Courts § 77.

(2d), Conflict of Laws, § 84(c).[6] The doctrine is generally invoked where the forum has little or no relations to the transitory cause of action.

In marital disputes courts have accorded weight to the amenability and willingness of the defendant to accept service of process in another state and tangible or intangible contacts between the forum and the parties.[7]

The voluminous transcript [8] in the instant case reveals an itinerant history of the respondent, at least since the inception of the relationship between the parties. The couple met in Minnesota in 1968 and for the next four years they traveled throughout the United States and Canada. Although Florida was the apparent domicile, the parties maintained no permanent residence as they rented quarters in a lodge while intermittently living in the State. Immediately after their marriage in 1971, the parties leased an apartment in Georgia and made plans to build a home in Florida. After several months the couple left Georgia and moved to Sumter, South Carolina, pending the completion of the house in Florida, which when completed was only briefly occupied before their marital relationship became strained and their respective actions were instituted.

Throughout the parties' travels, visits were made to Sumter where the couple would remain for brief intervals of time. The vast majority of the respondent's assets as well as the center of his business operations are in the State of South Carolina. Respondent was a registered agent for service of process in Sumter for two South Carolina corporations and he received mail at this address. He also maintained bank-

---

6 Thus a dismissal is usually conditioned upon the moving defendant's agreement not to assert jurisdictional or statute of limitation defenses in the alternative forum. Restatement, (2d) Conflict of Laws, § 84(c). See also *Del Rio v. Ballenger Corp., supra,* at page 1006; *Silver v. Great American Ins. Co.,* 29 N.Y. 356, 328 N.Y.S. (2d) 398, 278 N.E. (2d) 619 (N.Y. 1972).

7 See Annotation, 9 A.L.R. (3d) 545.

8 The transcript and briefs comprised over 1000 pages. Additionally, the parties submitted exhibits including records of prior proceedings at least doubling the volume of the transcript, most of which proved to be unnecessary and extremely burdensome to this court.

ing accounts within this State as well as a South Carolina driver's license.

The respondent has not established that he has suffered any prejudice by the appellant's choice of a forum and his past history of movement about the country, bolsters our predilection to afford appellant a forum to seek her relief.[9]

The contacts of the parties with the State of South Carolina are not insubstantial. This is not a case where the cause of action does not rise even in part within the forum. Much of respondent's assets which will constitute the collateral for any judgment are situated here.

The party asserting *forum non conveniens* has a heavy burden of proof. Courts should not dismiss actions under this doctrine unless the "balance is strongly in favor" of the defendant. *Mobil Tankers Co. v. Mene Grande Oil Co.,* 363 F. (2d) 611 (3rd Cir. 1966). Here, the defendant's contacts with South Carolina clearly preponderate in favor of the retention of jurisdiction by this forum. Furthermore, the appellant regardless of her intent, is now a resident of South Carolina and as such should have access to the courts of this State.[10] Accordingly, we hold that South Carolina is a proper forum to entertain the appellant's action for alimony.

---

[9] An excellent analogy to the instant case is *Hopson v. Hopson,* 95 U.S. App. D.C. 285, 221 F. (2d) 839 (1955), where the court retained jurisdiction over a *forum non conveniens* argument in a wife's action for support and maintenance for herself and her child. See also *Dorati v. Dorati,* 342 A. (2d) 18 (1975); and *McGehee v. Maxfield,* 256 A. (2d) 576 (1969).

[10] The master held that the appellant was a *bona fide* resident and domiciliary of South Carolina. The circuit judge found her intent *"mala fide"* precluding a finding of a change of domicile but inherently intimating a change of physical presence and residence. By analogy one can move from one state to another with the intention of creating diversity of citizenship in order to obtain a federal court forum. The sole concern is whether the person asserting citizenship intends to domicile in the forum. "Citizenship depends on domicile, not mere residence. The distinction lies in the intent to remain a resident permanently and to become a citizen. The same is true of domicile before suit. If the change is made with a *bona fide* intent to remain permanently, *the motive of changing in order to sue is immaterial."* 1 Barron and Holtzoff, Federal Practice & Procedure: Civil § 26 at 135-137. (Emphasis added).

Appellant asserts error in the trial court's denial of ██ ██ her claim for alimony and in the master's allegedly inadequate award. The trial court and the master were at variance as to the basic entitlement to alimony. Where the master and the trial judge have disagreed and made contrary findings on material issues in an equity case, it is within the province of this Court to consider the evidence and make findings upon our view of the preponderance of the evidence. *Price v. Derrick,* 262 S. C. 341, 204 S. E. (2d) 389 (1974). However, we are not required to disregard findings of the lower courts. *Allbritton v. Allbritton,* 260 S. C. 61, 194 S. E. (2d) 197 (1973). Furthermore, concurrent findings of fact by the trial judge and master are binding on this Court unless they are without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Only an adulterous wife is statutorily denied alimony. ██ ██ *Clardy v. Clardy,* 266 S. C. 270, 222 S. E. (2d) 771 (1976). Conversely, it is an irrefutable judicial principle that any alimony award rests in the sound discretion of the trial judge. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975).

"Alimony is founded upon the legal duty of the husband to support his wife. It is not intended as a penalty against him, nor as a reward to the wife. While the financial condition of the husband, and the needs of the wife are important, they are not the only essentials to consider in determining the amount. There must also be considered all other circumstances of the particular case such as the age and health of the parties, their respective earning capacity, their individual wealth, the amount she contributed to the accumulation thereof and the conduct of the parties. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970)." *Beasley v. Beasley,* 264 S. C. 611, 612-613, 216 S. E. (2d) 535, 535-536 (1975).

It is also proper to consider the respective necessities of the parties and the standard of living of the wife at the time of the divorce.[11] Additional factors accorded weight by other jurisdictions include the duration of the marriage, ability of the husband to pay alimony, and the actual income of the parties.[12] Yet, the gainful employment of a wife does not preclude alimony entitlement. *Murdock v. Murdock, supra.*

Factual findings made by the master and concurred in by the trial judge establish the following scenario of the parties' relationship. The respondent is a man of substantial wealth, admitting a net worth in excess of four million dollars; but, the appellant made no contribution towards his wealth. Throughout the relationship, respondent gave appellant sums of money, including a monthly check in the amount of three hundred dollars, and made various courtesy or credit cards available to her. Appellant also enjoyed numerous extended vacations, as well as hunting and fishing expeditions, throughout the United States and Canada.

The appellant is relatively young, in good health, and capable of self-support. The respondent has been retired since 1968 and recently underwent open heart surgery. There was insufficient evidence of any substantial marital misconduct on the part of either party. Finally, the actual duration of the marriage, exclusive of the prior cohabitation, was less than fourteen months.

Alimony is a substitute for the support which is normally incident to the marital relationship and all of the facts and circumstances disclosed by the record should be considered; no one factor should be determined dispositive. *Spence v. Spence, supra.* We feel the trial judge abused his discretion in failing to consider the total equities of this case. We therefore hold that the appellant is entitled to alimony.

---

[11] *Spence v. Spence,* 260 S.C. 526, 197 S.E. (2d) 683 (1973).
[12] Annotation, 1 A.L.R. (3d) 123.

The master determined a proper amount of alimony was a $15,000.00 lump sum. The trial judge attempted to find alternatively that the amount was reasonable. Nevertheless, "alternative findings" are not binding on this Court under the guise of the "two-judge rule." [13]

We are mindful of the substantial deference that should be given to the trier of fact who heard the testimony and observed the witnesses. *Beasley v. Beasley, supra.* Yet, we conclude a lump sum of $15,000.00 is unreasonable in light of the wife's accustomed standard of living, the disparity between the parties' wealth, and their respective earning capacities. Therefore, we remand for a determination of a reasonable amount of alimony as well as the propriety of one lump sum payment.

The next allegation of error pertains to the appellant's prayer for attorneys' fees. The master recommended fees in the amount of $5,000.00. The trial judge again concluded there was no entitlement to such fees but alternatively concurred that $5,000.00 was reasonable if attorneys' fees were justified.

Like alimony, attorneys' fees are generally discretionary with the trial judge. *McNaughton v. McNaughton,* 258 S. C. 554, 189 S. E. (2d) 820 (1972); *Smith v. Smith, supra.* We have heretofore recognized the legal prerogative of the appellant to maintain an independent action for alimony under the "divisible divorce" doctrine. We find the wife's claim well-founded and the burden of attorneys' fees would necessarily decrease her standard of living. Accordingly, mindful of the financial disparity between the parties, we hold that attorneys' fees are proper. *Lowe v. Lowe,* 256 S. C. 243, 182 S. E. (2d) 75 (1971).

---

[13] There could be no concurrence by the two judges as anticipated by the rule when the master concluded that a lump sum alimony of $15,000.00 was proper and the trial judge reversed him.

In determining the amount of such fees we have delineated several factors which may be properly considered including, " 'the nature, extent and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation, and the beneficial results accomplished.' *Smith v. Smith,* 253 S. C. 350, 170 S. E. (2d) 650. *Darden v. Witham,* 263 S. C. 183, 193, 209 S. E. (2d) 42, 46 (1974).[14] In the instant case, numerous services have been performed since the recommendations of both the master and the trial judge and in neither determination was there the benefit of testimony regarding the amount of services rendered or the value of such efforts. Accordingly, we remand on this issue in order to determine appropriate fees.

The same equitable considerations apply to issue of the costs of this action and we therefore hold that respondent should be taxed with the costs and suit money.

Error is asserted in the failure of the lower court to award temporary support. However, appellant has failed to specifically argue this contention in her brief and is deemed to have abandoned this exception. *Beach Co. v. Charleston County School District,* 263 S. C. 7, 207 S. E. (2d) 406 (1974).

Finally, the appellant asserts as error the dissolution of her attachment of the respondent's real property. The trial judge in his order dissolved the attachment when he found a judgment in favor of the respondent on the merits. Such was not error; and, likewise, a reversal of that judgment by this Court restores the attachment.[15]

The Order of the trial court is accordingly reversed and remanded for a determination of reasonable alimony, attor-

---

[14] See also Annotation, 59 A.L.R. (3d) 152.

[15] 7 C.J.S. Attachment § 268(d); 6 Am. Jur. (2d), Attachment & Garnishment, § 410.

neys' fees, and the costs of this action. Additionally, the attachment of the respondent's real property is hereby restored.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.