0026

Gerry B. EWELL, Appellant-Respondent, v. Fred S. EWELL, Respondent-Appellant.

(310 S. E. (2d) 436)

Court of Appeals

602

*Ronald S. Clement,* of *Mitchell & Clement,* Greenville, *for appellant-respondent.*

*Julius B. Aiken,* Greenville, *for respondent-appellant.*

Dec. 19, 1983.

GARDNER, Judge:

This is a cross appeal arising from a divorce action. We affirm.

This divorce action was brought by the Appellant-Respondent, Wife, against the Respondent-Appellant, Husband. The appealed order granted the divorce to the Wife, identified the marital assets, made an equitable distribution thereof, ordered a partition sale of the marital home owned as co-tenants by the parties and awarded Forty Dollars per week in child support to be paid by the Husband to the Wife, to whom custody of the minor child of the marriage was awarded.

The following questions are presented by this appeal. (1) Did the trial judge properly identify the marital assets? (2) Did the trial judge make a fair and equitable distribution of the marital assets? (3) Did the trial judge abuse his discretion by awarding the Wife Five Hundred and Fifty Dollars attorney's fees and not awarding the Husband attorney's fees for the partition action? (4) Did the trial judge abuse his discretion by awarding Forty Dollars a week child support? (5) Did the trial judge abuse his discretion by awarding no alimony?

Every question raised by this appeal involves, aside from law issues, factual issues to be determined from the facts before us. In an equity action tried by a judge without a

reference, this court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). This court has carefully reviewed the transcript of record and we concur with the findings of fact by the trial judge.

The trial judge excludes from the marital assets a house owned by the Wife prior to the marriage and Twenty Five Thousand Dollars in bank accounts held by the Husband prior to the marriage, of which Seventeen Thousand Dollars is now in a trust account for his daughter. The trial judge recognized his responsibility to identify marital assets. This is required under the recent case of *Parrott v. Parrott,* 278 S. C. 60, 292 S. E. (2d) 182 (1982). The record supports the findings of fact made by the trial judge in identifying the marital assets of this marriage and we so hold.

After equally dividing certain bank accounts held in their joint names, the trial judge divided other marital assets by awarding forty percent thereof to the Wife and sixty percent to the Husband. We find this is well within the preponderance of the evidence and does not constitute an abuse of discretion. In dividing property, the trial court can use any reasonable manner. *Taylor v. Taylor,* 267 S. C. 530, 229 S. E. (2d) 852 (1976).

The trial judge awarded Five Hundred and Fifty ($550) Dollars attorney's fees to the Wife and none to the Husband. Attorney's fees are a matter of discretion on the part of the trial judge and factors in determining attorney's fees include services rendered, time devoted, professional standing, contingency of compensation and beneficial results accomplished. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977). We conclude from the record that the trial judge's award of the attorney's fees in this case is well within his discretion. We reject the Husband's contention that he should have been allowed attorney's fees for the partition action contained in his counterclaim.

Wife argues that the trial judge's award of child support is insufficient. We disagree. Based on financial declarations, testimony and other evidence before the court, and the fact that the trial judge considered the child's economic needs and the parent's ability to respond, we find

the record supports the award made. In *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975), the Supreme Court held that child support is within the trial judge's discretion. We reject the argument that the award was an abuse of discretion on the part of the trial judge.

Wife argues that she is entitled to alimony. Alimony is ██ within the trial judge's discretion. *Nienow v. Nienow, supra.* Based on the evidence and facts presented, we hold that the trial judge's determination of this issue does not constitute an abuse of discretion.

The appeal raises a question pertaining to a temporary order restraining disposition of certain bank accounts. In view of this decision, this question becomes moot. The restraining order is lifted by this decision and the parties are directed to abide by the terms of the appealed order in distributing the various bank accounts involved.

Affirmed.

SANDERS, C. J., and BELL, J., concur.