0317

**Janet Demetra B. PEAK, Appellant, v. James Peter PEAK, Respondent.**

(323 S. E. (2d) 67)

Court of Appeals

*James R. Turner*, Spartanburg, *for appellant.*

*E. C. Burnett, Jr.*, Spartanburg, *for respondent.*

Submitted Oct. 17, 1984.

Decided Nov. 16, 1984.

*Per Curiam:*

This is a divorce case. We affirm.

James Peter Peak (the husband) bought a house about two months before his marriage to Janet Peak, nee Briscoe (the wife) and had it titled in their names as co-tenants. After marriage they lived together about twelve and one-half months; the wife then left and a year later brought this action for divorce on the ground of a one year separation.

The sole question on appeal is whether the trial judge erred in vesting the entire fee of the house in the husband.

The trial judge based the allotment of the house to the husband upon the basis of a resulting trust; with this we disagree, but nevertheless, affirm. We have long

held that a right decision upon a wrong ground will be affirmed. *South Carolina Ins. Co. v. Brown,* 280 S. C. 574, 313 S. E. (2d) 348 (S. C. App. 1984).

In divorce cases this court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Ewell v. Ewell,* 279 S. C. 601, 310 S. E. (2d) 436 (S. C. App. 1983).

During the marriage the wife earned $4,000. The trial judge found she had contributed another $2,500 in work and services to the marital home and awarded her $6,500 by way of equitable distribution of the marital real estate. The personal property had been previously divided.

We hold that the trial judge should have awarded the entire fee of the home to the husband by way of equitable distribution. The wife voluntarily ended the marriage after approximately one year. The trial judge awarded her every dollar she earned during the marriage and then $2,500; this is an adequate apportionment of the marital real estate to the wife and we so hold.

We therefore direct and order that the wife convey her interest in the marital home to the husband within thirty (30) days of the filing of the remittitur of this case and upon payment by the husband to the wife of the $6,500 alloted her as equitable distribution of the marital real estate. It is so ordered.