0735

Charlotte Kull LUTHI, Appellant-Respondent/Appellant v. Perry Stanton LUTHI, Sr., and Kull Trust, Respondents-Appellants/Respondents.

(347 S. E. (2d) 102)

Court of Appeals

*O. W. Bannister, Jr.*, of *Hill, Wyatt & Bannister*, Greenville, *for appellant-respondent/appellant.*

*James R. Mann*, Greenville, *for respondents-appellants/ respondents.*

Heard April 21, 1986.

Decided June 23, 1986.

GARDNER, Judge:

This is a cross-appeal from a divorce order (1) divorcing the parties on the grounds of the husband's adultery, (2) awarding the wife $2,000 per month alimony, (3) equitably dividing the marital estate and (4) awarding the wife $15,000 for attorney fees. We affirm in part, modify in part, reverse in part and remand.

The parties were married in 1952 while the husband was in the U. S. Air Force. Upon the husband's discharge, the parties returned to the husband's hometown, Greenville, S. C., where the husband worked as a clerk in his father's store.

In the early 1950's, after the wife inherited $84,183.16, the husband started Luthi Construction Company, Inc. The wife's inheritance was used partially to support the marriage and partially as the initial investment in Luthi Construction Company, Inc., the husband's real estate and building business.

Since the birth of the parties' first child in 1954, the wife has been a full-time homemaker. During the 31 years of the marriage, the parties lived frugally and prospered financially. In the early years of the marriage, the parties established the Kull Trust with their children as beneficiaries. The trust presently has a net worth of about two million

dollars; it is an irrevocable trust. Aside from the financial product of the marriage invested in the trust, the parties have accumulated $904,163.

The husband, too, enjoyed an inheritance but has not comingled his inheritance with the family assets. The business he inherited a one-half interest in is currently worth $160,000; it is now Luthi's, Inc.

The issues on appeal are whether the trial judge erred (1) by ruling that the Kull Trust was part of the marital estate, (2) in making the equitable division of the marital estate by awarding the wife too little or too much, (3) by ordering a division of the furniture without defining that term with respect to the china and silver accumulated by the parties, (4) by awarding the wife too much alimony and (5) by awarding the wife $15,000 in attorney fees.

We concurrently address the first two issues by affirming the results of the appealed order as being correct in result but partially reached upon the wrong grounds. *See Peak v. Peak,* 283 S. C. 489, 323 S. E. (2d) 67 (Ct. App. 1984). The trial judge ruled that because the husband had transferred property in and out of the trust and had comingled the trust with his own business, the assets of the Kull Trust are part of the marital estate; we hold this ruling to be error, but harmless error, because of the conclusion we reach.

The wife introduced at the hearing a July 3, 1983 joint financial statement signed by the husband and prepared by the husband's accountants. The wife obtained this statement from the Community Bank; ostensibly it was given to the bank by the husband for credit purposes and therefore by federal law was required to be accurate. From this statement and the testimony of record, we find the marital estate, aside from the household furniture, silver and china, to have a value of $904,163, composed of the following: property owned by the parties, $193,381; business equipment and property of the husband, $30,200; mortgages held in the joint names of the parties, including the mortgage of Gilbert Court Apartments, $363,879; mortgages owned by the wife, $1,703; Certificate of Deposit in the husband's name, $120,000; Certificate of Deposit in the wife's name, $20,000; stock in Spartan Developers, Inc., $75,000; and proceeds from

the sale of the husband's mortgage and loan business, known as Luthi Mortgage Company, $100,000.[1]

We have not included as part of the marital estate the ■ husband's inheritance, Luthi's, Inc. Inherited property is not marital property subject to equitable distribution, however, it may properly be considered as a factor in determining what constitutes an equitable division of the marital property. *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984).

The trial court awarded the wife real estate reflected on the statement as having an equity of $164,432, the $20,000 Certificate of Deposit in her name and $300,000 to be paid over a three-year period.

The furniture and household goods were, we think, as later noted, equitably divided.

The landmark case setting forth the factors to be considered in making equitable distribution is the case of *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985). We quote.

> (1) respective age, background and earning ability of the parties; (2) duration of the marriage; (3) the standard of living of the parties during the marriage; (4) what money or property each brought into the marriage; (5) the present income of the parties; (6) the property acquired during the marriage by either or both parties; (7) the source of acquisition; (8) the current value and income producing capacity of the property; (9) the debts and liabilities of the parties to the marriage; (10) the present mental and physical health of the parties; (11) the probability of continuing present employment at present earnings or better in the future; (12) effect of distribution of assets on the ability to pay alimony and support, and (13) gifts from one spouse to the other during the marriage.

We have given full consideration to each of these ■ factors in establishing the equitable distribution made to the parties of this action. Without detailing our conclusions as to each factor, but after careful consider-

---

[1] Petitioner's Exhibit 9I-3 comprises the 26 mortgages owned by Luthi Mortgage Company, none of which are listed on the husband's 1983 joint financial statement.

ation of each of the *Shaluly* factors, we conclude and hold that the equitable distribution made to both parties by the trial judge was fair and proper; this despite the fact that this court has excluded from the marital assets both the Kull Trust and Luthi's, Inc. The equitable distribution made by the trial court is affirmed as modified by excluding the assets of the Kull Trust from our consideration, and we so hold.

Next, the husband argues that the appealed order did not include a division of the silver and china of the marital estate and for that reason the appeal order should be reversed. We disagree. The appealed order, after first awarding family keepsakes to the individual parties, provided that household furniture should be equally divided. In his oral order at the conclusion of the hearing, the trial judge defined such furnishings as including household items such as silver, china, etc. While we are familiar with the rulings set down in *McCranie v. Davis*, 278 S. C. 513, 299 S. E. (2d) 338 (1983) that a written order clearly contrary to a ruling pronounced at the hearing will be reversed, we hold that the definition ascribed by the trial judge to the word "furniture" at the end of the hearing clearly indicates the connotation of the trial judge of "furniture" as used in the appealed order. We hold that the appealed order provided that, except for the family keepsakes, the silver and china and "other furniture" are to be equally divided among the wife and the husband.

We also reject the husband's contention that the award of alimony is excessive, but for the reasons herein stated, we remand the issue of alimony. The factors for consideration in establishing alimony for the courts of this state are set forth in the cases of *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977) and *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981). These factors are:

> (1) the financial condition of the husband and the needs of the wife, (2) the age and the health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7)

the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties.

The individual income tax return of the parties for 1983 reported only unearned income; this was in the amount of $47,275. The 1982 tax return for Luthi's, Inc., owned by the husband and his brother, Harry, reflects compensation for officers of $37,750 and a taxable income for the corporation of $2,336. The return does not reflect what part of the $37,750 paid to the officers was paid to the husband of this case. The 1983 tax return of Luthi Construction Company, Inc., reflects a taxable income of $7,869.51; Luthi Construction Company, Inc., is owned by the husband. The record does not reflect commissions or salaries received by the husband from the Luthi Trust, if any. From the tax record we are unable to determine the income of the husband; however, the record reflects that the husband is a healthy, able-bodied man and has for long years earned substantial income; he admittedly accumulated during the marriage either for himself and the marital estate or for the Kull Trust millions of dollars. We are convinced that the husband has enormous earning capacity — this aside from the unearned income which he admittedly enjoys. Regardless of his actual income, the trial court has authority to require the husband to work and earn in a manner consonant with his ability.

Because we are unable from the record to establish the earning ability of the husband, we are unable to conclude whether the alimony award of $2,000 per month is either sufficient, too little or too much. We therefore reverse the appealed order as to the alimony awarded and remand for purposes of establishing with some degree of certainty the husband's earning ability and actual income to be attributed to him from the various sources which he enjoys; both factors must be considered in awarding alimony. A party may not escape liability for alimony by intentionally refusing or failing to work.

Finally, we affirm the amount of attorney fees awarded the wife. *See Ivey v. Ivey*, 286 S. C. 315, 334 S. E. (2d) 123 (Ct. App. 1985).

For the reasons stated, the appealed order is affirmed in part, modified in part, reversed in part and remanded for the purpose stated.

No costs are to be taxed for this appeal.

Affirmed in part, modified in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.