### 32147. ATLANTIC COAST LINE RAILROAD CO. v. WIGGINS, administrator.

Decided October 14, 1948.

*Matthews, Long & Moore,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden,* contra.

FELTON, J. This case introduces this court to a question which so far as we know, has not been presented to an appellate court of this State, to wit, whether a Georgia court has the discretion to decline jurisdiction of a transitory action in tort when it would be more convenient and less expensive for the defendant if the case was instituted and tried in the State and county where the alleged tort occurred. There have been cases involving the related question of whether our courts had jurisdiction of such actions, among which are: *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207); *Southern Railway Co.* v. *Parker,* 194 *Ga.* 94 (2 S. E. 2d, 94); *Louisville & Nashville R. Co.* v. *Meredith,* 194 *Ga.* 106 (21 S. E. 2d, 101). Georgia has no statute on the exact question, and in nearly every jurisdiction the rule known as "forum non conveniens" is a court-made rule. There is a conflict in the authorities from the other States on the question, and in a limited class of cases the Supreme Court of the United States has held that a Federal court could

decline jurisdiction under the Federal venue statute. Whatever may be the right and authority of our courts to decline jurisdiction in a transitory action where both parties are non-residents, in this case the plaintiff is a resident of Georgia. The court stated in the *Parker* case, supra, that it did not rule on the power of a court to refuse to exercise its jurisdiction where it is duly shown in a proper proceeding that it would be inequitable to do so. That statement is not a ruling that the court could refuse to exercise jurisdiction. Whatever may be the rule in the Federal courts or in other States, we think that our Constitution controls. Code § 2-104 provides: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." This section refers to residents and applies to actions in a representative capacity as well as personal actions. For cases from other jurisdictions holding that courts have no right to deny a resident access to the courts of his residence, see 32 A. L. R. 29. New York cases are cited, in which it is held that New York courts may refuse to entertain jurisdiction where both parties are non-residents. These rulings are based on an interpretation of the non-resident venue statute (section 225, General Consolidated Laws of New York): "An action against a foreign corporation may be maintained by another foreign corporation or by a non-resident . . where a foreign corporation is doing business within this State." Such a holding was held constitutional in Douglas *v*. New York, New Haven &c. R. Co., 279 U. S. 377 (49 Sup. Ct. 355, 73 L. ed. 747). It was ruled in the *Parker* case, supra, that the test of jurisdiction is not residence or non-residence of the plaintiff. While this is not the test of jurisdiction, it is a test of whether a court has a discretion in denying jurisdiction, assuming that our court could ever deny it. In Baltimore & Ohio R. Co. *v*. Kepner, 314 U. S. 44 (62 Sup. Ct. 6, 86 L. ed. 28, 136 A. L. R. 1222), and Miles *v*. Illinois Central R. Co., 315 U. S. 698 (62 Sup. Ct. 827, 86 L. ed. 1129, 146 A. L. R. 1104), the Supreme Court held that the doctrine of forum non conveniens could not defeat jurisdiction under the Federal Employers' Liability Act because of the special venue created by the act. It seems to us that our Constitution provides for a special local venue for residents of Georgia in cases where jurisdiction of a defendant can be obtained.

Under the above-cited constitutional provision, we think that the trial court properly ruled that it had no discretion to refuse to entertain jurisdiction of the case, no point on a fictitious acquisition of residence or appointment as administrator having been involved.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*