## 17220

JOHN A. CHAPMAN, Administrator of Estate of Walter Benjamin
Chapman, Respondent, v. SOUTHERN RAILWAY COMPANY,
Appellant

(95 S. E. (2d) 170)

*Messrs. Moss & Moss,* of Orangeburg, *and Frank G. Tompkins, Jr.,* of Columbia, *for Appellant,*

*Messrs. Marshall B. Williams,* of Orangeburg, *and Henry H. Edens and Henry Hammer,* of Columbia, *for Respondent,*

November 8, 1956.

Moss, Justice.

This action was commenced on October 12, 1955, by the respondent John A. Chapman, as administrator of the estate of Walter Benjamin, deceased, in the Court of Common Pleas for Orangeburg County, to recover damages for the death of respondent's intestate caused and occasioned by the negligence of the appellant, while the intestate was employed in its yards at Macon, Georgia. The action is based on the Federal Employer's Liability Act, 45 U. S. C. A. § 51 *et seq.*

John A. Chapman is the only surviving child of the deceased intestate and resides in Orangeburg County, South Carolina. He is the duly appointed administrator by the Probate Court of said County of the estate of the deceased. The appellant is a railroad corporation, maintaining tracks, roadbeds, yards and offices for transacting its business in Orangeburg County, South Carolina.

On March 2, 1955, the respondent instituted a similar action against the appellant in the United States District Court for the Eastern District of South Carolina, on the same cause, in which said action the appellant moved for a change of venue to the United States District Court for the Middle District of Georgia, pursuant to the provisions of the Federal Statute. 28 U. S. C. A. § 1404(a). At the time

fixed for the hearing of this motion before the Honorable Ashton H. Williams, District Judge of the Eastern District of South Carolina, the respondent moved for a voluntary nonsuit without prejudice of the action pending in said District Court, it being stated at the time that the instant action had been instituted on the previous day. The motion for a voluntary nonsuit was granted by the District Court.

The appellant moved in the court below to dismiss this action under the doctrine of *forum non conveniens*. The motion to dismiss was heard and refused by the Honorable C. Bruce Littlejohn, the presiding Judge of the Court of Common Pleas for Orangeburg County. The question for determination here is whether there was error in the refusal to dismiss the action on the ground stated.

The appellant asserts that the motion to dismiss *forum non conveniens* should have been granted, asserting that all witnesses, sources of proof with respect to the locus and the evidence giving rise to this cause of action are within the jurisdiction of the Courts of Georgia. The appellant also asserts that it intends to, and that it is necessary for it to produce eighteen witnesses to present its defense, and that the bringing of such witnesses from the State of Georgia to South Carolina would entail upon it added and additional expense, which could be avoided if the case was tried in the Courts of Georgia. It also asserts that it has no means of compelling the attendance of such witnesses in South Carolina; that it would be impracticable to try this case on depositions. In short, it asserts that the convenience of the parties and witnesses would be promoted by a trial of the case in Macon. The appellant has submitted an affidavit of its Claim Agent setting forth the names of the eighteen witnesses it intends to call in its defense. The affidavit also shows, in a limited fashion, what the testimony of the witnesses would be. An examination of this list shows that fifteen of such witnesses are in the employ of the appellant, one is a former employee of the appellant, and another is the Ordinary for Bibb County, Georgia. This leaves one other

witness who witnessed the accident and will testify thereabout. A careful examination of the substance of the testimony of the aforesaid witnesses shows that many of them will testify with respect to details leading up to and causing the death of respondent's intestate. Several of the witnesses were designated as being in the repair or inspection department and will testify as to the inspection of the train for defects immediately after the accident. Many of these witnesses will give cumulative testimony.

The appellant does not question the jurisdiction of the Common Pleas Court of Orangeburg to entertain this action nor can it do so. It is provided in Section 10-214 of the 1952 Code of Laws, as follows:

"An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

"(1) By any resident of the State for any cause of action; * * *."

The construction of this statute was before this court in the case of *Lipe v. Carolina, C. & O. R. Co.,* 123 S. C. 515, 116 S. E. 101, 103, 30 A. L. R. 248. In such case the plaintiff was a resident of this state, the defendant, a Virginia corporation, and the cause of action was for damages on account of the alleged wrongful death of the plaintiffs intestate, who was fatally injured in North Carolina while in the employ of the defendant as a conductor. The summons and complaint were served on agents of the defendant in this state. Upon motion to dismiss the service of the summons and complaint and the action on the grounds that the court committed error in holding that the defendant was doing business in South Carolina, this court, in disposing of appellant's exceptions, said:

"The language of the statute, conferring the right upon any resident to bring an action in the circuit court against a foreign corporation 'for any cause of action,' and limiting the right of action of a nonresident, is too clear to require interpretative comment. The plaintiff, a resident of the state,

was entitled to sue upon her transitory cause of action arising in the state of North Carolina, and the circuit court was invested with jurisdiction to try the cause. Obviously, if the service of process was otherwise sufficient to give the circuit court jurisdiction of the person of the defendant, the service was not invalidated or rendered nugatory by reason of the fact that the plaintiff's cause of action arose without the state.

"The power of the state 'to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory action not arising in the state' is not open to question. See *Mo. Pac. R. Co. v. Clarendon B. O. Co.* [257 U. S. 533, 42 S. Ct. 210, 66 L. Ed. 354], *supra; Best v. [Seaboard Air Line] Ry Co., 72* S. C. [479] 482, 52 S. E. 223; 14 C. J. 1384, § 4100. The state of Virginia has the same power to subject a South Carolina corporation doing business in Virginia to the jurisdiction of its courts, for the trial of a cause of action arising elsewhere, as South Carolina has to subject a Virginia corporation, doing business in this state, to the jurisdiction of its courts, for the trial of a cause of action arising elsewhere. Most of the great interstate carriers by railroad, telegraph, and telephone, for example, are foreign corporations, in a majority of the states through which they pass. To hold that a resident of South Carolina, injured in North Carolina, by a Virginia corporation, doing business and reachable by process in South Carolina, must seek redress either in the courts of North Carolina or of Virginia, would involve a conclusion that is neither in accord with authority nor consistent with sound public policy."

In the case of *Thompson v. Queen City Coach Co., Inc.,* 169 S. C. 231, 168 S. E. 693, 697, this Court said:

"We can reach no other conclusion than that, in order for a circuit court of this state to have jurisdiction in a case against a foreign corporation where the cause of action arises without the state, it must be shown that the corporation is 'doing business' within the state. To hold otherwise would

be inconsistent with the principles conceded and enunciated in the *Lipe case,* which, we may add, is cited with approval in *Hodges v. Lake Summit Co.,* 155 S. C. 436, 152 S. E. 658."

It is most interesting that the Georgia Courts have refused to apply the doctrine of *forum non conveniens* under circumstances correspondingly similar to those presented in this case. In the case of *Atlantic Coast Line R. Co. v. Wiggins,* 77 Ga. App. 756, 49 S. E. (2d) 909, an action for wrongful death occurring in South Carolina was brought in the State of Georgia by a resident of said state, the administrator of the decedent was also a resident thereof, the defendant being a foreign corporation having a place of business in said state. It was held that the trial court was required to exercise jurisdiction and that the rule of *forum non conveniens* could not be invoked by the defendant in view of the provisions in the Georgia Constitution that no person shall be deprived of the right to prosecute or defend his own cause in any of the courts of Georgia. The court said that the constitutional provision referred to residents and applied to an action in a representative capacity as well as personal actions.

Under the 1895 Constitution of South Carolina, Article I, § 15, it is provided "All Courts shall be public, and every person shall have speedy remedy therein for wrongs sustained." This section of our constitution is comparable in intendment with that section in the Georgia constitution, which is construed in the case of *Atlantic Coast Line R. Co. v. Wiggins, supra.*

The conclusion is inescapable that when a resident of this state sues a foreign corporation upon a transitory cause of action, where such corporation is doing business in this state, it would not be consistent with sound public policy to deny such resident access to the courts of this state for the adjudication of his rights.

In this case we need not reject or adopt the doctrine of *forum non conveniens.* However, conceding the advisability

of adopting such doctrine, it should not be applied in this case when the plaintiff is a resident of South Carolina. *Douglas v. New York N. H. & H. R. Co.*, 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747.

The exceptions must be overruled and the order of the Court below affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.