## 21045

BRATEN APPAREL CORPORATION, Respondent, v. BANKERS TRUST COMPANY, Appellant.

(259 S. E. (2d) 110)

---

*Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for Appellant.*

*Kenyon, Lusk & Dunaway, Anderson* and *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Respondent.*

August 29, 1979.

GREGORY, Justice:

Appellant Bankers Trust Company (Bankers) appeals from an order of the lower court denying its motion to dismiss the complaint, or failing in that, to stay the proceedings instituted by respondent Braten Apparel Company (BAC).

We reserve that portion of the order denying Bankers' motion to dismiss and adopt the doctrine of *forum non conveniens*.

BAC is a New York corporation, with an office and management in New York City and also in South Carolina where it is qualified to do business and has business offices. Bankers is a New York banking corporation, with an office and management in New York City and it transacts business and owns property in South Carolina. Bankers has no relation with Bankers Trust of South Carolina whatsoever.

Until late summer of 1974, Bankers, pursuant to a financing arrangement, furnished financing for BAC and three South Carolina corporations which had dealings with BAC. On and subsequent to August 26, 1974, Bankers refused to act under the aforesaid financing arrangements.

This action was instituted in the Court of Common Pleas for Anderson County in August 1977, by BAC seeking actual and punitive damages in the amount of one hundred ninety five million ($195,000,000.00) dollars on four separately stated causes of action as follows: (1) breach of a financing arrangement made by Bankers and involving three South Carolina corporations and BAC as principals and third party beneficiaries; (2) Bankers' conversion of certain of BAC's personal property in South Carolina: (3) Bankers' tortious interference with BAC's business relations with BAC's South Carolina customers; and (4) Bankers' fraudulent breach of contract as to the aforesaid financing arrangements.

There are pending in the state courts of New York five actions by BAC against Bankers, all arising out of the New York banking transactions between these parties. In addition, there are pending in the New York courts nine allied cases also arising out of the New York banking transactions between BAC and Bankers. The New York courts have ordered that nine of these fourteen New York actions be tried jointly, that disclosure in the said nine actions be had together under

the supervision of an Official Referee and that all of the New York actions be assigned to one judge to be handled as "complex litigation."

All of the New York actions were brought prior to the institution of any action in South Carolina, and extensive pretrial discovery has been and is being taken therein.

In this action, Bankers entered a special appearance to object to the exercise of jurisdiction by the Court of Common Pleas for Anderson County, South Carolina. That Motion was made pursuant to Section 15-5-150 of the Code of Laws of South Carolina of 1976 (the Door Closing Statute), and asserted that the courts of South Carolina do not have jurisdiction of the causes of action set forth in the Complaint. Judge Ballenger, after a hearing, issued an Order dated November 26, 1977, in which he found that BAC's causes of action arose within this State, denied Bankers' motion, and ordered Bankers to answer or otherwise plead to the Complaint.

Bankers gave Notice of Reliance on its jurisdictional objection, answered, and moved to dismiss the Complaint on the ground of *forum non conveniens;* or ,in the alternative, to stay all proceedings in this action until determination of certain of the New York actions.

By order dated November 9, 1978, Judge Ballenger denied the Motion to Dismiss or Stay and granted BAC's Motion to amend its Complaint. Notice of Intent to Appeal from this Order was served on November 20, 1978.

Although this Court has never expressly adopted or rejected the doctrine of *forum non conveniens,* it has had occasion to recognize the existence, and under appropriate circumstances, the application of this precept. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977) ; *Chapman v. Southern Railway Company,* 230 S. C. 210, 95 S. E. (2d) 170 (1956).

The *Chapman* court refused to employ *forum non conveniens* on the basis that the plaintiff, a resident of this State, was entitled to access to our courts for an adjudication of his rights *vis a vis* a foreign corporation doing business in this State. The court did, however, express a favorable attitude towards its later adoption: "In this case we need not reject or adopt the doctrine of *forum non conveniens*. However, conceding the advisability of adopting such doctrine, it should not be applied in this case when the plaintiff is a resident of South Carolina." 95 S. E. (2d) at 173.

In *Nienow,* we again recognize the doctrine, but reversed the lower court's decision not to exercise jurisdiction on the basis that the defendant's contacts with our State were so strong as to favor retention of jurisdiction by the South Carolina Court. The right of a resident plaintiff to access to the courts of our State was once again emphasized.

The question here, as in *Chapman,* is whether there was error in the trial judge's refusal to dismiss the action on the ground of *forum non conveniens.* The decision to invoke the doctrine is one which lies within the discretion of the trial court: *"Forum non conveniens* is the discretionary precept which allows a court with proper jurisdiction to dismiss an action, when such would further the ends of justice and promote the convenience of the parties." *Nienow, supra,* 232 S. E. (2d) at 507. We hold that such error is present, and that the trial judge, in taking account of the particular circumstances of this case, abused his discretionary power by failing to exercise the doctrine of *forum non conveniens* in favor of Bankers' motion to dismiss.

This case, unlike *Chapman,* does not involve the rights of a resident plaintiff; nor do the defendant's contacts in the instant case heavily favor retention of jurisdiction, as in *Nienow.* To the contrary, the balance of factors is so strongly in favor of Bankers as to warrant reversal.

The doctrine of *forum non conveniens* is a well established one, applied by the federal courts and a clear majority of our

sister states. Its purpose is to allow ". . . a court to dismiss an action although jurisdiction is validly asserted, when in its discretion the convenience of the parties and the ends of justice would be better served if the action was tried elsewhere." *Del Rio v. Ballenger Corp.,* 391 F. Supp. 1002, 1003 (D. S. C. 1975). Of the thirty-four states and the District of Columbia which have chosen to either adopt or reject the doctrine, all except Montana have decided in favor of adoption. See West's Decennial Digests, Courts at Key 28.

The United States Supreme Court in the decision of *Gulf Oil Corp. v. Gilbert,* 330 U. S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) set forth certain guidelines for consideration in the applicability of *forum non conveniens:*

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow our courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to

be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Id., 330 U. S. at 508, 67 S. Ct. at 843.

When these factors of private and public interest are examined in light of the circumstances of the instant case, we are compelled to find the situation ripe for the adoption of the doctrine.

There are presently more than one dozen lawsuits pending in the courts of New York which relate to the instant action, and involve either directly or collaterally the issues presented in this South Carolina litigation.

Certain third parties in some of the New York litigation, who would be important witnesses in the instant action, are not subject to process in South Carolina. An inability to compel the attendance and participation of these parties could result in incomplete relief.

BAC argues that the alleged contacts with this State of both parties warrant retention of jurisdiction by our courts. Assuming, *arguendo,* that the allegations justify jurisdiction pursuant to Section 15-5-150, such existence of jurisdiction does not preclude this court from applying the doctrine. "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil, supra,* 330 U. S. at 507, 67 S. Ct. at 842.

It is true that unless the balance of factors strongly favors the defendant, the plaintiff's choice of forum should be left undisturbed. *Nienow, supra.* However, access to the already voluminous discovery transcripts, the pre-trial record and sources of proof in New York; the availability of witnesses and the opportunity to achieve complete relief in the New York forum; and the expense of duplicative litigation imposed on both parties and upon the State of South Carolina in providing a second forum for these non-residents to relitigate their claims preponderate so heavily in favor of the exercise of the doctrine that failure on the part of the trial judge to grant Bankers' motion to dismiss amounts to an abuse of discretion.

Our decision renders unnecessary the consideraton of appellant's remaining exceptions in this appeal.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.