## 21276

SANTA FE ENGINEERS, INC., Respondent, v. CAROLINA DOOR
PRODUCTS, INC., Appellant.

(268 S. E. (2d) 581)

*Charles B. Bowers,* Columbia, *for appellant.*

*David G. Wolff,* Columbia, *for respondent.*

July 29, 1980.

LEWIS, Chief Justice:

The appellant, Carolina Door Products, Inc., challenges an order of the lower court judge denying his motion to dismiss based on the doctrine of forum *non conveniens,* or failing that, to stay the current proceedings. The trial judge additionally denied the appellant's motion to add Courion Industries, Inc. as a third party defendant. We affirm.

The respondent, Santa Fe Engineers, Inc., a California Corporation, authorized to do business in South Carolina, initiated this action against the appellant to recover damages alleged to have been incurred as a result of the appellant's breach of contract. The appellant is a South Carolina corporation. Essentially, the respondent's complaint alleges that it contracted with the appellant as its subcontractor, for the installation of steel doors at the Naval Weapons Station in Charleston. The performance by the appellant was not forthcoming and the respondent was required to terminate and to relet the contract at a cost of $23,000.00 more than the cost contracted for with the appellant.

In support of its motions, the appellant contends that it entered a contract with Courion Industries, Inc. for supply of the doors; however, Courion defaulted. Prior to the initiation of this action, Courion initiated a lawsuit in St. Louis, Missouri to rescind the contract to supply the required doors to Carolina. The appellant concludes that because of this prior pending litigation, the trial judge erred by not applying the doctrine of forum *non conveniens* and dismissing the action. We disagree.

We recently articulated the principles controlling the application of the doctrine forum *non conveniens.* See *Braten Apparel Corp. v. Bankers Trust Co.,* S. C., 259 S. E. (2d) 110. In *Braten, supra,* we indicated that as a general rule, the plaintiff's choice of forum should be left undisturbed unless the balance of factors strongly favor the

defendant's motion. We think the trial judge correctly denied the motion where, as here, the party seeking to invoke the doctrine is a resident of this State, the contract was to be performed in this State, and the other pending litigation is so indirectly related.

The appellant additionally asserts error on the part of the trial judge in failing to join Courion under the provisions of Section 15-5-30, South Carolina Code of Laws (1976), as a third party defendant. We disagree.

In *Long Manufacturing Company v. Manning Tractor Company,* 229 S. C. 301, 92 S. E. (2d) 700, we reiterated with regard to Section 15-5-30:

That in order that one be made a party defendant to an action, such person must have an interest in the controversy adverse to the plaintiff. That is to say, he must have an interest contrary to the claim which is the foundation of plaintiff's action.

The only issue raised by the respondent's complaint is its contract with the appellant. The respondent's contractual relations were only with the appellant. Although Courion Industries may be ultimately liable to the appellant under the provisions of their supply contract, the proposed third party, Courion, has no interest contrary to the foundation of the respondent's complaint. Therefore the trial judge correctly denied Courion's joinder. See *Tucker v. Craig,* 245 S. C. 94, 138 S. E. (2d) 838.

It additionally follows that there is no interest pending in the Missouri action so as to warrant the imposition of a stay of proceedings. The denial of the stay by the trial judge is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.