627 S.E.2d 740

**Myron JOHNSON & Building Environmental Services, Inc., Appellants,**

**v.**

**KEY EQUIPMENT FINANCE, A Division of KCCI, CTI Business Management Systems, LLC, Paul M. Candelaria, Rick White, & Brenda Williams,**

**of whom KEY EQUIPMENT FINANCE, A Division of KCCI, is Respondent.**

**No. 26124.**

Supreme Court of South Carolina.

Heard Jan. 17, 2006.

Decided March 13, 2006.

Rehearing Denied April 5, 2006.

Peter Brandt Shelbourne, of Summerville, for Appellants.

Robert T. Strickland and Andrea C. Pope, both of Barnes, Alford, Stork and Johnson, of Columbia, for Respondent.

Acting Justice CLYDE N. DAVIS, JR.:

This case involves the scope of a forum selection clause contained in a lease agreement between Myron Johnson and Building Environmental Services (Appellants) and Key Equipment Finance (Key).  We reverse.

### FACTUAL / PROCEDURAL BACKGROUND

Appellants entered into a lease agreement with Key to lease a telephone marketing system.  The lease contained a provision which included a forum selection clause.  The clause read in part:

This lease shall in all respects be interpreted and governed by the internal laws of the State of New York. You consent to and agree that personal jurisdiction over you and subject matter jurisdiction over the equipment shall be with courts of the State of New York or the Federal District Court for the Northern District of New York solely at our option with respect to any provision of the lease....

Appellants received the equipment and began operating the equipment as directed. However, soon after implementing the marketing system, Appellants discovered that the equipment violated the Federal Telephone Consumer Protection Act of 1991. Because of the violation of the consumer protection act, Appellants were subject to fines. As a result, Appellants filed suit against Key because Appellants discovered that Key was aware that the equipment was illegal prior to executing the lease. Accordingly, Appellants sued claiming that Key induced them into entering a contract to lease equipment that Key knew to be illegal.

Appellants brought this action alleging breach of contract, breach of contract accompanied by a fraudulent act, a violation of the South Carolina Unfair Trade Practices Act, and conspiracy. The trial judge granted Key's motion to dismiss pursuant to Rule 12(b)(2), SCRCP. The trial judge found the forum selection clause to be controlling and the clause prevented Appellants from filing suit in South Carolina. Appellants filed an appeal in the court of appeals and the case was certified to this Court pursuant to Rule 204(b), SCACR. The following issues are before this Court for review:

I.   Did the trial court err in dismissing Appellants' claim because the forum selection clause does not encompass causes of action that arose prior to the signing of the lease agreement?

II.  Did the trial court err in failing to find that notwithstanding a forum selection clause, S.C.Code Ann. § 15–7–120 allows for personal jurisdiction of a party in South Carolina?

## LAW/ANALYSIS

### I.  Scope of Forum Selection Clause

Appellants argue that the trial court erred in dismissing their claim because the forum selection clause does not encom-

pass causes of action that arose prior to the signing of the lease agreement or those claims that were the product of misrepresentations prior to the lease agreement. We agree.

■ The issue of whether a forum selection clause applies to causes of action alleging that a plaintiff was induced to enter into a contract or lease by the misrepresentations of the defendant is a question of first impression for this Court. Generally, when wrongs arise inducing a party to execute a contract and not directly from the breach of that contract, the remedies and limitations specified by the contract do not apply. *Sterling Financial Inv. Group, Inc. v. Hammer*, 393 F.3d 1223, 1225 (11th Cir.2004); *Maltz v. Union Carbide Chemicals & Plastics Co., Inc.*, 992 F.Supp. 286, 297 (S.D.N.Y. 1998); *Busse v. Pacific Cattle Feeding Fund # 1, Ltd.*, 896 S.W.2d 807, 812–13 (Tex.Ct.App.1995). Further, the above-cited line of cases is consistent with South Carolina's general disfavoring of forum selection clauses. *See Ins. Products Marketing, Inc. v. Indianapolis Life Ins. Co.*, 176 F.Supp.2d 544, 550 (D.S.C.2001) (analyzing South Carolina's general disfavor for forum selection clauses).

■ In the present case, Appellants have alleged several causes of action against Key including conspiracy, breach of contract accompanied by a fraudulent act, and an alleged violation of the South Carolina Unfair Trade Practices Act. All of these actions relate to events that took place prior to the signing of the lease between the parties. We hold that the forum selection clause does not prevent Appellants from filing suit in South Carolina because of the allegations that Key induced Appellants into entering the contract by misrepresenting or hiding pertinent information from Appellants. We believe that it would not make logical sense to allow a forum selection clause to operate to prevent suit in South Carolina where the acts alleged occurred prior to the execution of the contract.

Key argues that the forum selection clause prevents Appellants from filing suit because of the significant nexus between the contract and the events of non-contract claims. *See Forrest v. Verizon Communications, Inc.*, 805 A.2d 1007, 1014 (D.C.2002) (stating that non-contract claims are subject to the forum selection clause because the events arise out of the

same operative facts). However, the events in the present case can be separated because but for the events leading to the signing of the contract, the agreement allegedly would not have been consummated. In addition, the forum selection clause in the present case is narrowly tailored to encompass all events related to the lease, whereas *Forrest* involved a clause that related to all claims arising between the two parties.

█ Accordingly, we hold that a forum selection clause that is narrowly tailored to certain activities between the parties does not foreclose the opportunity to file suit in South Carolina where the cause of action relates to acts inducing the execution of the contract. This type of action is entirely distinguishable from a case where the suit is based solely on the breach of the actual contract.

## II.  S.C.Code Ann. § 15–7–120

Because we find that the forum selection clause does not prevent suit in South Carolina we do not address Issue II.

### CONCLUSION

Based on the above cited authority, we reverse the decision of the trial court to dismiss the case pursuant to Rule 12(b)(2) and we remand for proceedings not inconsistent with this opinion.

MOORE, A.C.J., BURNETT, PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.