**Peter V. TETREV, Plaintiff,**

v.

**PRIDE INTERNATIONAL, INC., Petrodrill Four, Ltd. a/k/a Petrodrill Construction, and Petroleum International PTE Ltd., Defendants.**

**C.A. No. 2:04–cv–23161–23.**

United States District Court,
D. South Carolina,
Charleston Division.

April 28, 2006.

Coming Ball Gibbs, Jr., Gibbs and Holmes, David B. Marvel, Robertson and Hollingsworth, Jeffrey A. Barnwell, Leath Bouch and Crawford, Charleston, SC, for Plaintiff.

Carol B. Ervin, Nancy Bloodgood, Young Clement Rivers, Anne Louise Ross, Marvin Dewitt Infinger, Haynsworth Sinkler Boyd, Charleston, SC, Stephen B. Crain, Bracewell and Giuliani, Houston, TX, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff Tetrev's Motion to Reconsider this court's Order (Doc. No. 44) granting in part and denying in part Defendant's Motion to Dismiss. Tetrev brings this Motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

In its Order dated February 27, 2006, the court found that the 2004 employment contract between PIPL and Tetrev, which was the subject of several of Plaintiff's claims, contained an enforceable forum-selection provision. Accordingly, the court declined to exercise jurisdiction over the causes of action arising from the employment contract. The court dismissed Plaintiff's claims as against all defendants for (1) breach of the 2004 employment contract, (2) intentional misrepresentation, and (3) wages, pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6).

## I. Motion to Reconsider

■ Tetrev's Motion to Reconsider is filed under Rule 59(e). Reconsideration of

a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). A motion to reconsider may be granted for three reasons: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or a manifest injustice. *Id.* Motions to reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.*

Tetrev argues that 1) reconsideration is necessary to accommodate an intervening change in controlling law and 2) reconsideration is needed to correct a clear error of law and a manifest injustice.

### 1) Intervening Change in Controlling Law

Tetrev submits that the South Carolina Supreme Court decision of *Myron Johnson & Building Environmental Services, Inc. v. Key Equipment Finance, et al.*, 367 S.C. 665, 627 S.E.2d 740 (2006), is an intervening change in controlling law such that this court should reconsider its Order. In a case of first impression, the *Myron* Court held "when wrongs arise inducing a party to execute a contract, and [they are] not directly from the breach of that contract, the remedies and limitations, [including forum selection clauses,] specified by the contract do not apply." *Id.* at 367 S.C. at 666–67, 627 S.E.2d 740. The South Carolina Supreme Court noted that this holding is "consistent with South Carolina's general disfavoring of forum selection clauses." *Id.* Relying on the ruling in *Myron*, which Tetrev argues applies to this case via the *Erie* doctrine, Tetrev urges the court to reconsider its dismissal of the fraudulent inducement claim, and to generally reconsider its decision to enforce the forum selection provision.

█ Contracts of employment of seaman, such as the 2004 employment contract between Tetrev and PIPL, are "maritime contracts." *Kossick v. United Fruit Company,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961) (Justice Harlan pointed out that "[w]ithout doubt a contract for hire either of a ship or of the sailors and officers to man her is within the admiralty jurisdiction"). Generally, federal maritime law governs maritime contracts; state law applies only when "no federal statute or well established rule of admiralty exists." *Commercial Union Ins. Co. v. Charleston Marine Leasing Co.,* 843 F.Supp. 124, 127 (E.D.Va.1994); *see also Randall v. Chevron U.S.A., Inc.,* 13 F.3d 888 (5th Cir.1994) ("Although the construction of maritime contracts is governed by federal law, the law of the state in which the maritime insurance contract was issued is applied if no relevant federal law exists."). Where both state and federal law exists, state law should *not* govern if it is materially different from federal law. *Windsor Mount Joy Mut. Ins. Co. v. Giragosian,* 57 F.3d 50 (1st Cir.1995).

█ In this case, it is clear that the federal rule favoring the enforcement of forum selection clauses[1] is directly in conflict with South Carolina's "general disfavoring" of such clauses. Accordingly, the court correctly applied the federal rule favoring enforcement in its February 27 Order, and finds that the federal rule continues to control this issue. As such, the South Carolina *Myron* case does not constitute an "intervening change in controlling law" such that reconsideration of the court's Order is necessary.

## 2) Clear Error of Law/ Manifest Injustice

### a. Whether the Court Applied the Appropriate Standard of Review

Plaintiff next contends that the court erred in its analysis because it went outside the pleadings in determining whether the forum selection clause is enforceable. Plaintiff claims that considering evidence outside the pleadings is inappropriate under a Rule 12 Motion to Dismiss, as was brought by Defendant.

█ Defendant made its motion to dismiss in deference to the forum selection clause pursuant to Rule 12(b)(1), 12(b)(3) or 12(b)(6) because "there does not appear to be a consensus as to which rule such a motion should be made pursuant to." *Atlantic Floor Services, Inc. v. Wal-Mart Stores, Inc.,* 334 F.Supp.2d 875, 877 (D.S.C.2004). Regardless of the rule cited, the proper approach is to regard a motion raising a forum selection clause, however labeled, as one to specifically enforce the clause. *Insurance Products Marketing, Inc. v. Indianapolis Life Ins. Co.,* 176 F.Supp.2d 544, 547 (D.S.C.2001); *see M/S Bremen,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Shell v. R.W. Sturge Ltd.,* 55 F.3d 1227, 1229 (6th Cir.1995); *Licensed Practical Nurses v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393, 407–09 (S.D.N.Y.2000) (extensive discussion). When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3), the court does not have to accept the pleadings as true, and may go beyond the face of the complaint and consider evidence outside of the pleadings. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642 (4th Cir.1999) (12(b)(1) motion); *R.A. Argueta v. Banco Mexicano, S.A.,* 87

---

**1.** Under federal law, a forum selection provision in a maritime contract is presumptively valid and, absent some compelling and countervailing reason, it should be honored by the parties and enforced by the courts. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

F.3d 320, 324 (9th Cir.1996) ("Analysis under Rule 12(b)(3) ... permits the district court to consider facts outside of the pleadings and is consistent with the Supreme Court standard for resolving forum selection clause cases."). In so doing, the court does not convert the motion to dismiss into one for summary judgment. *See Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995); *Richmond, Fredericksburg & Potomac R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir.1991). Further, on a 12(b)(6) motion, the court may properly consider a contract that is integral to the allegations contained in the complaint, which is referenced in both the complaint and the plaintiff's briefing in response to the motion to dismiss, and which the plaintiff had possession of and relied upon in framing his complaint. *See Maltz v. Union Carbide Chemicals & Plastics Co., Inc.,* 992 F.Supp. 286, 294–5 (S.D.N.Y. 1998).

 In determining whether to specifically enforce the subject forum-selection provision, the court therefore properly considered evidence outside the face of the complaint and in doing so did not convert the motion into one for summary judgment. Accordingly, regardless of whether the court's analysis was under 12(b)(1), 12(b)(3), or 12(b)(6), the court's consideration of the language of the contract and other evidence outside the pleadings does not constitute a "clear error of law" such that reconsideration of its Order is appropriate.

### b. Whether the Court Erred in Applying the Law

 In the Motion for Reconsideration, Tetrev re-hashes his earlier arguments citing to no clear error of law in the court's decision[2] and raises several new arguments that could have been raised before the judgment was issued.[3] These arguments are not an appropriate basis for reconsideration. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993) ("While plaintiffs disagreed with how the district court applied the *Christiansburg* standard, mere disagreement does not support a Rule 59(e) motion."); *McCall v. Williams,* 59 F.Supp.2d 556, 558

**2.** Tetrev reasserts his argument, already addressed and rejected by the court, that the forum selection clause should not be given effect because (1) it was induced by fraud and duress and (2) its·enforcement would be "unreasonable" or "unjust." *See The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A forum selection clause is generally binding and should be enforced unless the party seeking to void it can *"clearly show"* that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen,* 407 U.S. at 15, 92 S.Ct. 1907 (emphasis added); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.,* 696 F.2d 315 (4th Cir.

1982); *Nizam's Institute of Medical Sciences v. Exchange Technologies, Inc.,* 1994 WL 319187, *2 (4th Cir.1994). The court has already held that Tetrev did not meet the "heavy burden of proof" required for setting aside the clause. *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522.

**3.** Specifically, Tetrev argues for the first time .(1) that the forum selection clause in the contract is severable and (2) that the forum selection clause contravenes the strong public policy of the State of South Carolina. Tetrev also refers to certain evidence, an email and an affidavit, for the first time. Tetrev offers no justification for failing to offer either this evidence or these new arguments in his original response to PIPL's motion to dismiss. Accordingly, the court will not consider them.

(D.S.C.1999) ("Mere disagreement with how the law is applied does not support a Rule 59(e) motion."). Thus, Tetrev's Motion for Reconsideration must be denied.

In the interests of clarity, however, the court briefly addresses again Tetrev's argument that the forum selection provision should be set aside because (1) an unknown agent of either Pride or PIPL fraudulently induced him to sign the 2004 employment contract by telling him that it was the same as his previous contract, and (2) he was forced to sign the contract "under duress".

■■■■■ The fact that an agent of PIPL or Pride assured Tetrev that the 2004 employment contract was the same as his previous contract is not sufficient to invalidate the forum-selection provision. Forum-selection clauses "should be given full effect" when "a freely negotiated private international agreement (is) unaffected by fraud," *The Bremen*, 407 U.S., at 13, 12, 92 S.Ct., at 1915, 1914; however, the Supreme Court explained in *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), that this qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, the clause is unenforceable. "Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Id.*; *Cf. Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). As PIPL correctly notes, Tetrev does not assert that the forum-selection clause alone, as opposed to the employment contract generally, was

induced by the alleged misrepresentations of PIPL. Accordingly, because whatever misrepresentations that were made were "related to the entirety" of the contract, such misrepresentations are not enough to prevent enforcement of the clause. *See Bhatia v. Johnston*, 818 F.2d 418 (5th Cir. 1987).

Further, Tetrev presents no evidence that he had any *right* to rely on the alleged misrepresentations made about the contract.[4] The subject forum-selection clause is prominently located just above the signature block and is printed in same suitable font size as other sections of the contract. The entire employment contract is only seven pages long and contains no fine print. Tetrev just did not read it. Even *assuming arguendo* that an agent of PIPL or Pride made false representations, Tetrev had no right to rely on them when the truth of these representations would have been evident by an inspection of the contract. *Hooters of America, Inc. v. Phillips*, 39 F.Supp.2d 582, 607 (D.S.C. 1998) ("One cannot complain of fraud in the misrepresentation of the contents of written instruments signed by him when the truth could have been ascertained by reading the instrument, since one entering into the written contract should read it and avail himself of every opportunity to understand its content and meaning."). This court has already held, and now reaffirms, that Tetrev's "failure to review the employment contract . . . does not convert an otherwise reasonable forum-selection clause into one that was obtained by fraud or overreaching." (Feb. 27 Order at 12.)

■■■■■ Tetrev also asserts that, due to the "overweening bargaining power" of

---

4. It is hornbook law that the common law tort of fraud requires nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's **right to rely thereon**; and (9) the hearer's consequent and proximate injury. *Hooters of America, Inc. v. Phillips*, 39 F.Supp.2d 582, 607 (D.S.C.1998).

PIPL, he was induced to sign the employment contract under duress. The elements of economic duress are: (1) the coerced party must show that he has been the victim of a wrongful or unlawful act or threat, (2) such act or threat must be one which deprives the victim of his unfettered will, (3) as a direct result the coerced party must be compelled to make a disproportionate exchange of values or give up something for nothing, (4) the payment or exchange must be made solely for the purposes of protecting the coerced party's business or property interests, and (5) the coerced party must have no adequate legal remedy. *Johnson v. City of Columbia, S.C.,* 949 F.2d 127, 131 –132 (4th Cir.1991) (citing 13 *Williston on Contracts,* Section 1617 (W. Jaeger 3rd ed.1970)). Tetrev does not allege facts that support a claim of duress. The fact that PIPL allegedly had a stronger bargaining position is not relevant. According to Tetrev's Amended Complaint, PIPL used its bargaining power to do nothing more than offer an appealing employment opportunity to Tetrev. No evidence suggests that Tetrev was coerced into entering the agreement.[5] "All that remains, then, is an arms-length transaction, the terms of which are binding on both parties." *Silva v. Encyclopedia Britannica Inc.,* 239 F.3d 385, 389 (1st Cir.2001). As such, the court's enforcement of those terms is not unreasonable, and the court properly dismissed those causes of action based on the employment contract. *Id.*

**II. Relief From Judgment or Order**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Tetrev asks the court to correct what he believes to be a scrivener's error in the Order. On page 13, ¶ 2, the court wrote that it dismissed "Tetrev's claims as against all defendants for (1) breach of the 2004 employment contract, (2) intentional misrepresentation, and (3) wages, pursuant to Rule 12(b)(1), 12(b)(3), 12(b)(6)." Tetrev asserts that "the court's use of *all defendants* was a scrivener's error and that the Order of February 27, 2006 only applies to Defendant PIPL."

Because PIPL and Tetrev were the only parties to the 2004 employment contract, the court declines to change the wording of the Order.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Peter V. Tetrev's Motion to Reconsider is **DENIED.**

**AND IT IS SO ORDERED.**

---

5. In his motion to reconsider, Tetrev asserts that because he "had a mortgage on a home in Charleston, and his wife and infant son to consider," he was under duress and could not refuse the proffered employment. These assertions are totally irrelevant to whether PIPL coerced Tetrev. To be liable for coercion or duress, PIPL must have *created* the situation under which Tetrev felt unreasonably pressured. Certainly, PIPL cannot be considered responsible for the existence of Tetrev's mortgage, wife, and infant son.