**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

B & B Crane Service, LLC, Appellant,

v.

Iron Planet, Inc., Mickey Meekins Truck & Auto Sales, Inc., and Lloyd "Mickey" Meekins, Jr., Defendants,

Of Whom Iron Planet, Inc. is the Respondent.

Appellate Case No. 2021-001399

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2023-UP-402
Heard October 3, 2023 – Filed December 13, 2023

**AFFIRMED**

Kenneth Ray Moss, of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach, and Richard Lee Snyder, of Snyder Law Group, of Durham, NC, both for Appellant.

Elbert Stockman Dorn, Sr., of Myrtle Beach, and Alexandra Harrington Austin, of Charleston, both of Maynard Nexsen PC, for Respondent.

**PER CURIAM:** B & B Crane Service, LLC (B & B) appeals the circuit court's dismissal of its complaint pursuant to a forum selection clause. The forum selection clause was part of a "Site Usage Agreement" for IronPlanet, Inc.'s (IronPlanet) online marketplace and sales platform. B & B argues it was induced to accept the Site Usage Agreement by fraud or misrepresentation and the forum selection clause is therefore unenforceable.

Our research revealed many unanswered questions surrounding forum selection clauses. For years, courts struggled to determine the proper procedural vehicle for parties to enforce them. *See* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3803.1, at n.81 (4th ed. 1998). In 2013, the U.S. Supreme Court answered this question, at least as far as federal law is concerned. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (finding "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of [forum non conveniens]"). Still, questions remain. For one, that opinion did not specify the applicable standard of appellate review for a decision dismissing a case based on a forum selection clause. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) ("*Atlantic Marine*, however, did not address the standard of review to which we subject a district court's decision to dismiss a case based on a forum selection clause.").

A review of South Carolina's caselaw reveals similar mysteries. Our most thorough examination of forum selection clauses is in a 1998 opinion where this court held, "Forum selection clauses will not be enforced if unreasonable or unjust. . . . Courts must scrutinize them for 'fundamental fairness.'" *Republic Leasing Co., Inc. v. Haywood*, 329 S.C. 562, 566, 495 S.E.2d 804, 806 (Ct. App. 1998) (citations omitted), *vacated on other grounds,* 335 S.C. 207, 516 S.E.2d 441 (1999). Though that decision was vacated after a settlement, our supreme court favorably cited the opinion several years later, stating, "Under South Carolina law, a [forum selection] clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities." *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.*, 368 S.C. 146, 150 n.1, 628 S.E.2d 43, 45 n.1 (2006) (citing *Republic Leasing*); *see also Fin. Fed. Credit Inc. v. Brown*, 384 S.C. 555, 565–66, 683 S.E.2d 486, 492 (2009) (quoting *Minorplanet*'s presumption of validity and enforceability for forum selection clauses).

But in a different opinion, issued on the very same day as *Minorplanet*, our supreme court refused to enforce a forum selection clause where the contract was induced by fraud. *Johnson v. Key Equip. Fin.*, 367 S.C. 665, 668–69, 627 S.E.2d 740, 741–42 (2006) (holding "the forum selection clause d[id] not prevent Appellants from filing

suit in South Carolina because of the allegations that . . . Appellants [were induced] into entering the contract by misrepresent[ations] or [the] hiding [of] pertinent information . . ."). Contrary to the presumption of validity and enforceability the supreme court had just announced, it noted a "general disfavoring of forum selection clauses." *Id.* at 668, 627 S.E.2d at 741–42 (citation omitted). Still, this court recently stated that South Carolina courts "[g]enerally" honor choice-of-law provisions. *Howell v. Covalent Chem., LLC*, 435 S.C. 345, 351, 867 S.E.2d 264, 267 (Ct. App. 2021) (citation omitted).

The appropriate procedural vehicle for raising a forum selection clause remains an unsettled question in South Carolina. Both *Johnson* and *Republic Leasing* note the circuit courts' use of Rule 12(b)(2) (lack of personal jurisdiction), but neither case addresses whether that rule is the proper procedural vehicle. The cases are also silent as to the appropriate standard of review.

We need not answer any of these questions today. We believe the outcome of this case remains the same under either a de novo standard (typically employed with improper venue and jurisdictional issues) or an abuse of discretion standard (applied to the doctrine of forum non conveniens pursuant to *Braten Apparel Corp. v. Bankers Tr. Co.*, 273 S.C. 663, 667, 259 S.E.2d 110, 112–13 (1979)).

B & B relies heavily (if not solely) on our supreme court's decision in *Johnson*. There, the court held "[g]enerally, when wrongs arise inducing a party to execute a contract . . . , the remedies and limitations specified by the contract do not apply." 367 S.C. at 668, 627 S.E.2d at 741 (citations omitted). But in that case, the alleged fraudulent actions "relate[d] to events that took place *prior to* the signing of the [agreement] between the parties." *Id.* at 668, 627 S.E.2d at 742 (emphasis added). Here, it appears clear that B & B executed the Site Usage Agreement when B & B registered to use IronPlanet's online sales platform.

The Site Usage Agreement states: "You must read and agree to this Agreement before using [any of IronPlanet's services]. If you do not agree to this Agreement, you may not use the Services." B & B pled in its complaint that it had previously made successful purchases through IronPlanet's platform. We do not see how the alleged fraud and misrepresentations could have induced execution of the Site Usage Agreement when B & B already agreed to the terms before bidding on and purchasing the truck and trailer at issue here.

B & B does not argue any other compelling reason for us to find IronPlanet's forum selection clause unenforceable. Thus, we believe the law requires the forum

selection clause to stand. *See Republic Leasing*, 329 S.C. at 566, 495 S.E.2d at 806 (citations omitted) ("Forum selection clauses will not be enforced if unreasonable or unjust. . . . Courts must scrutinize them for 'fundamental fairness.'"); *Minorplanet*, 368 S.C. at 150 n.1, 628 S.E.2d at 45 n.1 (citing *Republic Leasing*) (other citations omitted) ("Under South Carolina law, a [forum selection] clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities."); *see also Fin. Fed. Credit Inc.*, 384 S.C. at 565–66, 683 S.E.2d at 492 (quoting *Minorplanet*'s presumption of validity and enforceability for forum selection clauses).

Accordingly, the circuit court's decision to dismiss B & B's complaint pursuant to the forum selection clause is

**AFFIRMED.**

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**